# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTY M. WEISER AND<br>GREG PIERSON | CIVIL ACTION |
| VERSUS | |
| SHAW GROUP ENVIRONMENTAL &<br>INFRASTRUCTURE, INC. ET AL | NO. 11-558-BAJ-CN |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 15, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTY M. WEISER AND                                    CIVIL ACTION
GREG PIERSON

VERSUS

SHAW GROUP ENVIRONMENTAL &                               NO. 11-558-BAJ-CN
INFRASTRUCTURE, INC. ET AL

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Remand (R. Doc. 3) filed by plaintiffs, Christy M. Weiser ("Weiser") and Greg Pierson ("Pierson") (collectively "plaintiffs"). The defendants, Shaw Group Environmental & Infrastructure, Inc. ("Shaw") and the State of Louisiana, through the Office of Community Development ("the State OCD"), have filed oppositions (R. Docs. 5 and 7) to plaintiffs' motion, in response to which plaintiffs have filed two reply memoranda (R. Docs. 6 and 10).

## FACTS & PROCEDURAL BACKGROUND

On or about May 31, 2011, plaintiffs filed this lawsuit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging, among other things, sexual harassment and retaliation by the defendants, Shaw and the State OCD.[1] In the petition, plaintiffs state that they timely filed charges concerning their claims in this suit with the

---

[1] Weiser is a former employee of Shaw, and Pierson is a current employee of Shaw. According to the petition, they were hired by Shaw to work in connection with the Hazard Mitigation Grant Program ("HMGP"), a federally-funded program pursuant to which the State, through the OCD, issues grants to eligible homeowners to elevate their homes and to take other measures intended to reduce property damage in the event of a natural disaster. Shaw entered into a contract with the State through which Shaw processes homeowner grant applications and monitors progress of work on homes in the HMGP. Plaintiffs allege that Weiser was sexually harassed by an employee of the OCD, that they both repeatedly complained about the alleged sexual harassment to no avail, that they both filed EEOC charges concerning such harassment, and that they both suffered retaliation as a result of having filed those charges.

1

EEOC and LCHR but that they had "not yet received their Notices of Right to Sue and, accordingly, reserve their rights to supplement in due course." See, R. Doc. 1-2, p. 6, ¶31.

Shaw was personally served with the petition, through its Registered Agent for Service of Process, on June 8, 2011. *See*, R. Doc. 1-2, p. 13. Although the State disputes that it was properly served, plaintiffs contend they personally served the State on June 9, 2011. Shaw removed the case to this Court on August 16, 2011 on the basis of federal question jurisdiction (*i.e.*, pursuant to 42 U.S.C. §2000e, *et seq.* (Title VII) and 28 U.S.C. §1331), noting in the removal notice that plaintiffs, Weiser and Pierson, received their Notice of Rights Letters from the EEOC on August 9, 2011 and August 10, 2011 respectively. *See*, Exhibit 2 to Notice of Removal.

Plaintiffs have now filed the present motion, seeking remand to state court on three (3) grounds: (1) Although plaintiffs recently received their Notices of Right to Sue from the EEOC, they have not yet asserted any federal claims under Title VII, 42 U.S.C. §2000e, *et seq.*, and this Court therefore lacks original federal question jurisdiction; (2) Shaw's removal is untimely; and (3) the State did not consent to removal. In addition to remand, plaintiffs also seek payment of the costs and expenses that they incurred in connection with Shaw's alleged defective removal, including attorney's fees.

## **LAW & ANALYSIS**

The undersigned agrees with plaintiffs that remand is appropriate in this matter. First, until such time as plaintiffs actually file any federal claims in this suit, no basis for federal jurisdiction exists. Neither party contends that diversity jurisdiction is present in this

case, and at this time, only state law claims have been asserted in the petition.[2] The mere fact that plaintiffs filed charges with the EEOC and received Notices of the Right to Sue alone is insufficient to establish federal question jurisdiction herein. Plaintiffs would have to file an amended petition actually asserting federal claims for federal question jurisdiction to exist.[3]

Because the plaintiffs' receipt of their Notices of the Right to Sue is not sufficient to render this case removable under the second paragraph 28 U.S.C. §1446(b),[4] the

---

[2] Shaw concedes, in its removal notice and in its opposition to the present motion, that plaintiffs could not pursue Title VII claims based upon the petition as it was filed. *See*, R. Doc. 1, p. 3, ¶6; R. Doc. 5, p. 4. It further states that it "had neither the right nor the ability to remove Plaintiff's lawsuit until such time as it became clear that Plaintiffs were actually pursuing Title VII claims." *See*, R. Doc. 5, p. 5. Despite such contention, Shaw nevertheless removed the case before the plaintiffs actually sought leave to amend the petition to add Title VII claims. Thus, Shaw's removal was premature.

[3] Contrary to Shaw's contention that plaintiffs stated, in their petition, that they would pursue Title VII claims upon receipt of their Right to Sue letters, the petition actually states that plaintiffs would supplement their petition with the Right to Sue letters in due course. The petition does not say anything about the plaintiffs' intent as to whether or not they will file Title VII claims. Although one might assume that supplementation of the petition with Right to Sue letters would be concomitant with the filing of Title VII claims, that is not a certainty, and until the plaintiffs actually file federal claims, there is no basis for federal jurisdiction.

[4] ". . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service, or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." 28 U.S.C. §1446(b), Second Paragraph.

Although the second paragraph of Section 1446(b) mentions removal based upon "other paper from which it may first be ascertained that the case is one which is or has become removable," federal claims must actually exist in the case for the case to be removable based upon federal question jurisdiction. Despite having received their EEOC Right to Sue letters, plaintiffs may choose to never assert any federal claims in this action, in which case federal question jurisdiction never exists, and the case never becomes removable. *See, Goode v. Comal Independent School Dist.*, 2003 WL 22097206 (W.D.Tex. 2003)(noting that defendants may seek removal at some future date if it later becomes apparent that plaintiffs are actually asserting a federal claim); *Beasley v. Shelby County Health Care Corp.*, 2011 WL 1637027 (W.D.Tenn. 2011)(noting that, in the context of a motion to amend the complaint to add a federal claim, Section 1446(b)'s 30-day time limit for removal does not begin to run until the state court grants leave to amend, and the federal claims are actually added to the suit); *Savilla v. Speedway Superamerica, LLC*, 2002 WL 31487914 (S.D.W.Va. 2002)(A case is removable on the basis of federal question jurisdiction only when a federal claim has actually been filed in state court).

Furthermore, to be an "other paper" within the meaning of Section 1446(b), a paper "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which

timeliness of Shaw's removal notice is governed by the first paragraph of that provision, which provides that a notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. 28 U.S.C. §1446(b). In cases involving multiple defendants, such as the present one, the thirty-day period begins to run as soon as the first defendant is served. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254 (5th Cir. 1988). As mentioned above, the first defendant that was served in this case was Shaw, on June 8, 2011. Thus, Shaw's Notice of Removal filed well over thirty (30) days after that service date, on August 22, 2011, is untimely under the first paragraph of Section 1446(b). Remand is therefore appropriate,[5] and plaintiffs are entitled to an award of the reasonable costs and actual expenses that they incurred, including attorney's fees, in opposing Shaw's defective removal in accordance with 28 U.S.C. §1447(c).[6] [7]

---

now support federal jurisdiction." *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000). The Right to Sue letter did not result from a voluntary act of the plaintiffs; it resulted from an act of the EEOC. The voluntary act that would be necessary to trigger removal jurisdiction would be the amendment of the petition by the plaintiffs to add Title VII claims as a result of having received their Right to Sue letters.

[5] Because remand is appropriate for the aforementioned reasons, the undersigned need not address the arguments of the parties concerning whether or not the State OCD consented to removal as required by the federal rules of civil procedure.

[6] The removal statute provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. §1447 (emphasis added). The U.S. Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and "[c]onversely 'when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In making that determination, the district court "do[es] not consider the motive of the removing defendant." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Instead, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. *Id.* Considering that no federal claims had been filed in this suit as of the time that Shaw filed its notice of removal and that Shaw has not cited to any jurisprudence persuading the undersigned that the plaintiff's Right to Sue letters constitute an "other paper" for purposes of Section 1446(b), it does not appear that

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion for Remand (R. Doc. 3) filed by plaintiffs, Christy M. Weiser and Greg Pierson, should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings. It is also recommended that plaintiffs are entitled to an award of the reasonable costs and actual expenses that they incurred, including attorney's fees, in opposing Shaw's defective removal in accordance with 28 U.S.C. §1447©.

Signed in chambers in Baton Rouge, Louisiana, September 15, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

there was an "objectively reasonable basis" for Shaw to remove this case when it did, and as a result, plaintiffs are entitled to the attorney's fees that they incurred in defending against removal.

[7] The undersigned does note, however, that, in the event plaintiffs amend their petition following remand to add Title VII claims to this suit, Shaw certainly has the right at that point to remove the case once again, and upon removal, plaintiffs should be required to reimburse the costs and fees paid to them since their remand motion, under those circumstances, would be considered simply a matter of gamesmanship because plaintiffs had knowledge that they were going to assert federal claims and nevertheless sought remand and an award of fees and costs with that knowledge.

Section 1446(b) imposes no time limit on removal of federal question cases, such as a Title VII case. The defendants therefore could remove based upon federal question jurisdiction at any time prior to entry of judgment in state court provided the notice of removal is filed within thirty (30) days after the defendants first ascertain that the case has become removable. *Dardeau v. West Orange-grove Consolidated Independent School District*, 43 F.Supp.2d 722 (E.D. Tex. 1999), at 734. The fact that a prior attempt to remove was unsuccessful does not preclude a subsequent removal. *Id.*, citing *Fritzlen v. Boatmen's Bank,* 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909)(An order remanding a case does not control the right to make a second application for removal if, because of subsequent proceedings or conduct of the parties, the case becomes removable); *Covington v. Indemnity Ins. Co. Of N. Am.*, 251 F.2d 930 (5th Cir.)(implicitly recognizing that a second removal is proper following a change in circumstances), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).